Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA and THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST FOR SOUTHERN NEVADA<br><br>Plaintiffs,<br><br>vs.<br><br>FORCE TRAFFIC CONTROL, INC., a Nevada corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiffs allege:

## **JURISDICTION AND VENUE**

1. The claim at issue in this Complaint presents a present, actual, and justiciable controversy arising under federal law.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 29 U.S.C. § 1401(b)(1).

3. Venue is proper under 29 U.S.C. § 1451(d) because the Pension Trust is administered in Clark County, Nevada.

**PARTIES**

4. Plaintiffs are the Board of Trustees of the Construction Industry and Laborers Joint Pension Trust for Southern Nevada (the "Board of Trustees") and the Construction Industry and Laborers Joint Pension Trust for Southern Nevada (the "Pension Trust") (collectively referred to as "Plaintiffs").

5. The Board of Trustees is made up of fiduciaries of the Pension Trust for purposes of ERISA.

6. The Pension Trust is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

7. Defendant, Force Traffic Control, Inc. ("Traffic Control") is a Nevada corporation and is an employer within the meaning of 29 U.S.C. § 1002(5).

**FACTUAL BACKGROUND**

8. Traffic Control was signatory to a collective bargaining agreement that required Traffic Control to make employee benefit contributions to the Pension Trust.

9. Traffic Control permanently ceased all covered operations under the plan and/or ceased to have an obligation to contribute under the plan. This constituted a "complete withdrawal" under 29 U.S.C. § 1383.

10. On May 9, 2022, the Pension Trust sent a withdrawal liability assessment and demand for payment to Traffic Control in the amount of $500,122, with the first quarterly payment of $21,039 due on June 1, 2022.

11. On August 2, 2022, the Traffic Control sent a request for review to the Board of Trustees, claiming that it qualified for the exception for employers performing work in the building and construction industry, outlined in 29 U.S.C. § 1383(b) (the "Construction Exception").

12. On October 13, 2022, the Pension Trust responded to Traffic Control's request for review, explaining that it did not qualify for the Construction Exemption because Traffic Control did not perform work in the building and construction industry.

13. Traffic Control failed to timely initiate mandatory arbitration as required by 29 U.S.C. § 1401(a)(1), and therefore barred from contesting the withdrawal liability assessment. *See Bd. of Trustees of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada v. Recreation Dev. Co., LLC*, No. 2:22-CV-00052-ART-DJA, 2023 WL 2226848, at *4 (D. Nev. Feb. 24, 2023) ("An employer that fails to initiate arbitration within the framework of the statute generally waives any objection to the withdrawal liability assessed by the plan.").

14. Traffic Control ceased making its quarterly withdrawal liability payments to the Pension Trust on or around March 1, 2023.

15. In response, on March 13, 2023, the Pension Trust sent Traffic Control a Notice of Default, in which it gave Traffic Control 60 days to cure the default, as required by law.

16. To date, Traffic Control has failed to cure the default and make quarterly payments to the Trust for its assessed withdrawal liability obligation.

## SOLE CAUSE OF ACTION

### (Judgment for Withdrawal Liability)

17. Plaintiffs hereby incorporate the allegations contained preceding paragraphs as though fully set forth herein.

18. This dispute is a case of actual controversy within this Court's jurisdiction.

19. The Pension Trust provided Traffic Control with a withdrawal liability assessment, and Traffic Control has failed to make the required payments. The Pension Trust gave Traffic Control a 60-day period to cure the default, but Traffic Control has failed to do so.

20. Due to Traffic Control's failure to make payments on the schedule set by the Pension Trust, Plaintiffs seek a judgment for the entire assessed withdrawal liability amount, as well as interest, liquidated damages, and attorney's fees.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

1. A judgment in favor of the Pension Trust awarding the entire withdrawal liability owed by Traffic Control, interest, liquidated damages, and attorney's fees; and

2. For such other and further relief as the Court deems proper.

Dated: May 18, 2023.                    BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

Attorneys for Plaintiffs

25617549.1                          4